IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM E. AYRES, JR. | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | No. 09-1605 |
| PROBATION AND PAROLE, et al., | : | |
|     Respondents | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE                                                   June 24, 2009

      Petitioner William E. Ayres, on probation following his confinement at a state correctional institution in Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition presents unexhausted claims, I recommend the petition be DISMISSED without prejudice for failure to exhaust state remedies.

## FACTUAL AND PROCEDURAL HISTORY

      Ayres filed a prior federal habeas petition on April 19, 2006.[1] On May 5, 2007, the Honorable Gene E. K. Pratter, United States District Court Judge, dismissed this prior petition without prejudice for failure to exhaust state court remedies. Ayres v. Stowitzky, 2007 WL 1366886, at *1 (E.D. Pa. May 7, 2007). On October 20, 2006, Ayres filed a pro se petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., in state court. See Docket at 14 of 19, Commonwealth v. Ayres, No. CP-51-CR-

---

[1] Ayres' prior federal habeas petition is docketed at Ayres v. Stowitzky, No. 06-1636 (E.D. Pa.). Although the petition at docket 06-1636 states petitioner's name as "William Edward Ayres," the case is captioned "William Ford Ayres."

0401091-1998 (Ct. Com. Pl. Phila.) [hereinafter Docket]. The state court appointed counsel, and counsel filed an amended PCRA petition on March 14, 2008. Id. at 16 of 19.

On February 6, 2009, the PCRA court dismissed the PCRA petition as meritless. Id. at 17 of 19. On March 4, 2009, appointed counsel filed a notice of appeal to the Superior Court of Pennsylvania. Id. Ayres' state court appeal is currently pending. Id. at 1 of 19.

On April 16, 2009, Ayres filed a second federal habeas petition alleging: (1) trial counsel ineffectiveness for various underlying claims; (2) appellate counsel ineffectiveness; (3) prosecutorial misconduct for withholding evidence until the day of trial and misstating the defendant's testimony to mislead the factfinder; and (4) prosecutorial misconduct for failing to notify defense the Commonwealth's case contained perjured testimony. See Petition for Writ of Habeas Corpus by a Person in State Custody at 9, Ayres v. Pennsylvania Board of Probation and Parole, No. 09-1605 (E.D. Pa. filed April 16, 2009). Some of the claims raised in his April 16, 2009 federal petition were raised in his state PCRA petition. See Response to Petition for Writ of Habeas Corpus at Ex. A at 6-11, Ayres v. Pa. Bd. of Prob. & Parole, No. 09-1605 (E.D. Pa. filed Jun. 18, 2009) [hereinafter Commonwealth's Response].

**DISCUSSION**

A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted his available remedies in state court. 28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 842 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). A state prisoner must complete "the [s]tate's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at

197; see also Woodford v. Ngo, 126 S.Ct. 2378, 2386-87 (2006).² A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The policy of this total exhaustion doctrine is rooted in the tradition of comity: the state must be given the "initial 'opportunity to pass upon and correct' alleged violations" of the petitioner's constitutional rights. Picard, 404 U.S. at 275; accord O'Sullivan, 526 U.S. at 844-45. Therefore, federal court cannot review Ayres' claims unless he fairly presented the claims to the highest level of the state courts. O'Sullivan, 526 U.S. at 846-47; Slutzker, 393 F.3d at 379 (citing Doctor v. Walters, 96 F.2d 675, 681 (3d Cir. 1996)); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993)).

Ayres' state court appeal of his PCRA petition is currently pending. See Docket at 1 of 19. Comity requires state courts be given the first opportunity to review Ayres' claims. See Picard, 404 U.S. at 275. Because again Ayres has failed to exhaust his claims in state court, federal review of his habeas petition continues to be premature and I recommend Ayres federal habeas petition be dismissed without prejudice.³ However, if Ayres refiles a federal habeas

---

² Pennsylvania Supreme Court Order No. 218 declares federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

³ A stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 271 (2005), is not appropriate. Under limited circumstances, Rhines permits a federal court to stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, and hold it in abeyance, allowing the petitioner to raise his unexhausted claims in state court. 544 U.S. at 277-78. It appears all Ayres' claims are unexhausted, see Commonwealth's Response at Ex. A at 4, (listing previously litigated issues), and, therefore, his petition is not a mixed petition and should not be stayed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 696 (E.D. Pa. 2006) (Robreno, J.) (stay and abeyance procedure "has largely been confined to mixed petitions," and petitions containing only unexhausted claims should be dismissed without prejudice); Abbott v. Pa. Dept.

petition, he must still comply with the AEDPA's filing and timeliness requirements.[4]  28 U.S.C. § 2244(d); see Richardson, 2009 WL 466801, at *3.

Accordingly, I make the following:

---

of Corrections, 2007 WL 1892597, at *4 (W.D. Pa. 2007) (finding Rhines not controlling because petition contained only unexhausted claims and, even if it applied, petitioner made no showing of good cause).

[4]  The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1).  Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

# **R E C O M M E N D A T I O N**

AND NOW, this 24th day of June, 2009, it is respectfully recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. It is further recommended that there is no probable cause to issue a certificate of appealability.[5] The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

                                        BY THE COURT:


                                         \s\ TIMOTHY R. RICE
                                        TIMOTHY R. RICE
                                        U.S. MAGISTRATE JUDGE

---

[5] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.